IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND RESTORATIVE JUSTICE INITIATIVE, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 16–01021–ELH |
| HOGAN, *et al.* | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

This case concerns a challenge to the constitutionality of Maryland's parole system as applied to individuals who received sentences of life imprisonment with parole eligibility for offenses committed as juveniles. The Maryland Restorative Justice Initiative ("MRJI") filed suit on behalf of Calvin McNeill, Nathaniel Foster, and Kenneth Tucker (collectively, "Plaintiffs") against four Maryland officials in their official capacities: Governor Larry Hogan; David Blumberg, Chair of the Maryland Parole Commission; Stephen Moyer, Secretary of the Maryland Department of Public Safety and Correctional Services; and Dayena M. Corcoran, Commissioner of the Maryland Division of Correction, (collectively, the "State").

This case has been referred to me for resolution of all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF No. 85). Now pending before the Court is the State's Motion for Protective Order Regarding Confidentiality of Discovery Material (ECF No. 154) and Plaintiffs' Opposition and Conditional Cross Motion Challenging Confidentiality Designation (ECF No. 166). The Court has also considered the State's Reply and

Opposition to Plaintiffs' Cross Motion. (ECF No. 168).[1] The issues are briefed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2014).

The State asks this Court to enter language in a protective order limiting the distribution of three categories of discovery materials that the State has either produced or will produce: (1) materials pertaining to individually named prisoners (absent a signed release from the prisoner); (2) the risk assessment tools and tests that assist in making parole determinations; and (3) personnel records of current and former psychologists who administer the aforementioned tools and tests. (ECF No. 154-1 at 5-7). Specifically, the State proposes provisions in the protective order for those three categories that would, absent leave of court, prevent distribution of such discovery material to a current or former prisoner, including a party (or, in the case of Plaintiff MRJI, a member of a party[2]), effectively making such materials for attorneys' eyes only.

Plaintiffs do not outright oppose a protective order, but do oppose the State's proposed distribution limitation for the three categories of information. As to the prisoner's records, Plaintiffs argue that the proposed limitation is unjustified, would prevent the party plaintiffs from assisting counsel, and would result in the cloaking of whole files even where such files contain non-confidential information. (ECF No. 166 at 3-4). As the the other two categories, Plaintiffs argue that copyright law and the concern for personnel records are insufficient reasons to restrict

---

[1] Additionally, Amici filed a Position on the Pending Motion and For a Protective Order and a Cross-Motion to "Ensure" The Victims' Privacy, Dignity, and Fairness Rights "Forthwith" as Required by 18U.S.C. § 3771(D)(3) (ECF No. 174). Pending before this Court is Plaintiffs' Motion to Strike this Amici Position and Cross-Motion (ECF No. 180) and the Amici's Response in Opposition to Plaintiff's Motion to Strike (ECF No. 182). The Court is currently inclined to deny Plaintiffs' motion but in doing so reminds Amici that in her previous order on this subject (ECF No. 65 at 13), Judge Hollander ruled that this Court will not consider arguments advanced by amici that were not raised by the parties. Similarly, this Court will not consider requests for relief advanced by amici that are not raised by the parties. Any formal decision on these motions will be by separate order. In any event, the Court has reviewed the Amici pleading and concludes that the protections for such information contained herein are sufficiently responsive to the concerns raised regarding victim information, which are similar to the general concerns raised by the State for other types of sensitive information.

[2] According to the State, Plaintiff MRJI has refused in discovery to provide its specific member names (ECF No. 154-1 at n.1), but that membership includes individuals serving life sentences for crimes committed while juveniles as well as family members of such individuals. (ECF No. 1 at ¶ 16).

2

distribution. *Id.* at 6-8. For the reasons detailed below, the State's Motion for Protective Order Regarding Confidentiality of Discovery Material (ECF No. 154) is GRANTED in part and DENIED in part, and Plaintiffs' Cross Motion Challenging Confidentiality Designation (ECF No. 166) is GRANTED in part and DENIED in part.

## I. DISCUSSION

Federal Rule of Civil Procedure 26(c)(1) empowers the Court, where appropriate, to limit the scope of discovery. The party moving for protection has the burden of establishing that protection is justified. *See In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Once so established, "the party seeking the materials then must establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." *Id.* at 252. Nonetheless, this Court is conferred broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006).

### A. Information In Prisoner "Case Records"

The parties agree that information relating to specific prisoners includes sensitive and confidential information such as information concerning a prisoner's victims, family, medical and mental health, criminal record, personal identifiers, disciplinary records, gang affiliation, housing, and security. (ECF Nos. 154-1 at 2 and 166 at 8). The parties, however, disagree on the appropriate means of protecting that sensitive information. The State argues limited distribution is appropriate for all documents "contained in the files maintained by the Governor, the Parole Commission, and the Division of Correction." (ECF No. 154-1 at 2). Plaintiffs argue that such a broad designation will inevitably cause the blanket designation of the whole file and, as an alternative, suggest the designation of narrow categories of confidentiality and/or redaction.

3

(ECF No. 166 at 8). In the Court's view, the proper resolution falls somewhere between these two arguments.

The State asks this Court to include the following language in the order:

> Material provided in the course of discovery pertaining to named prisoners and designated as "Confidential" by the Defendants *shall not be disclosed to a prisoner or a former prisoner, including a party, or to any other individual identified as a member of the MRJI*, who is not the subject of the material designated as confidential. Confidential documents pertaining to a prisoner who is not the subject of the records *may be disclosed* to a prisoner or former prisoner, including a party, or to another individual identified as a member of the MRJI, *with leave of court or with a release signed* by the prisoner who is the subject of the record.

(ECF No. 154-1 at 6) (emphasis added). The State argues that such limited distribution will sufficiently protect prisoner's privacy rights, preserve prison security, and safeguard the public. (ECF Nos. 154-1 at 6 and 168 at 4-5). Additionally, the State contends that the Plaintiffs' ability to acquire releases from the prisoner alleviates any burdens caused by the limited production. *Id.* For example, the prisoner members of MRJI could presumably execute releases sharing their records with each other.

A main justification offered by the State for its proposed distribution restriction is that under Maryland law, the Division of Correction is required to compile and maintain a "case record" of each inmate containing: (1) a description and photograph of the inmate; (2) family history; (3) any previous record of the inmate; (4) a summary of the facts of each case for which the inmate is serving a sentence; and (6) the results of the physical, mental, and educational examination of the inmate required under state law. See Md. Corr. Servs. Code Ann., §§ 3-601(a) and (c). The State further points out that the contents of a prisoner's "case record" are confidential. (ECF Nos. 154-1 at 2-3 & 168 at 4-5); *See* Md. Code Ann., Corr. Servs. § 3-602; *Short v. Bishop*, 2016 WL 916429, at *4 (Md. Ct. Spec. App. Mar. 9, 2016). It is not entirely

4

clear to the Court whether this same "case record" would also typically contain the additional items cited by the parties such as victim information, gang affiliations, disciplinary records and housing information or whether such items are maintained in some other record. But for the Court's present purposes, its references to "case record" include not just the statutory definition but these additional items.[3] Additionally, if such information is copied to others and is found in files maintained by the Governor, Division of Corrections or Parole Commission, it nonetheless maintains its protected status. That is, protected status accompanies the document/information, and not the file in which it is found.[4]

While statutory confidentiality does not bar discovery, like statutes can "be used as a basis to seek a protective order" for addressing "confidentiality concerns." *See Shriner v. Annapolis City Police Dep't*, No. CIV.A. ELH-11-2633, 2012 WL 959380, at *4 (D. Md. Mar. 19, 2012) (quoting *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 576 (D. Md. 2010)). Along with invoking statutory privacy concerns, the Declaration of Wayne Hill, interim Commissioner of the Maryland Division of Correction, cites an additional area of concern in that wider disclosure of prisoner records would "constitute an unwarranted invasion of privacy . . . and potentially compromise prison security and the safety of members of the public." (ECF No. 154-2 at ¶ 4). The State emphasizes that in a "prison context, information is currency," and that the potential harms of disseminating prisoner information to other prisoners is "not speculation" but "would cause identifiable, specific harm." (ECF No. 168 at 3)

As for the case records of individual prisoners (using this Court's expanded definition of "case record" as explained above), the Court finds these arguments satisfy Defendants' initial

---

[3] The Court could envision similar types of materials, such as a pre-sentence report, that could incorporate some or all of the "case record" information and would, therefore, present the same types of concerns and should be treated similarly.

[4] Likewise, as discussed in more detail below, the presence of a protected document within a file does not render the remainder of the file "protected" absent a separate justification.

burden in seeking to limit the distribution of that information, to include documents outside the case record that specifically incorporate the same information. In its September 27, 2017 Memorandum Opinion, this Court acknowledged those concerns when addressing the implications of ordering the State to produce the confidential files of non-party prisoners to the current and former prisoners. (ECF No. 88 at 7). The Legislature's concerns are understandable; absent consent, it is unlikely a prisoner would prefer that his or her file containing personal medical and mental health information, personal identifiers, details of his or her crime, disciplinary records, etc. in general distribution among his or her fellow inmates or their friends and family. Additionally, Defendants' security concerns are not illusory as such information could form the basis for reprisals, prison gang recruitment or extortion. Moreover, Defendants are not blocking all distribution, but only seeking to prevent distribution from those who could potentially make untoward use of it. While the Plaintiffs have the right to reasonable discovery, the proposed restricted distribution accomplishes that goal by permitting Plaintiffs' counsel (and experts) to review and gauge the relevance and importance of these case records while maintaining the State's interest in confidentiality and prisoner and victim privacy.

In arguing that wider dissemination is nonetheless necessary so as to outweigh the concerns expressed above, Plaintiffs argue that the State's proposed restriction prevents the party plaintiffs from assisting counsel, prevents parties from participating in hearings or trial, and otherwise frustrates the discovery process. (ECF No. 66 at 10-12). Instead, Plaintiffs suggest that the goals of maintaining confidentiality could be achieved through redaction and other "reasonable and measured efforts." *Id* at 12. The Court is not convinced that restricting prisoner case records from wider distribution handicaps Plaintiffs' ability to assist counsel. Plaintiffs' have not presented a scenario where getting plaintiff input on a prisoner's specific

mental health condition or family history or other such information would be of assistance. Moreover, as noted above, plaintiffs and members of MRJI presumably could execute releases as to their own records and consent to share them with each other. Further, to the extent plaintiff input is essential as to any given record; leave of court can be requested. Similarly, although it is theoretically possible that plaintiffs might need to be excluded from portions of hearings or depositions where such prisoner case record information is being discussed, that can be dealt with on a case by case basis and does not, by itself, justify a blanket denial of the protection sought.

As for redaction, the highly sensitive and comprehensive nature of the information held within these case records, as well as the burdens imposed on the State by mass redaction, support the imposition of the State's proposed provision. *See Boyd v. Gullett*, 64 F.R.D. 169, 178 (D. Md. 1974) (holding that "[b]ecause of the delicate information which may appear" in the discoverable police files, "only the plaintiffs' attorneys of record and designated para-legals and law students may see and consider any items discovered as a result of this opinion."); *see also Ellis v. Navarro*, No. C 07-05126 SBA LB, 2012 WL 1294205, at *2 (N.D. Cal. Apr. 16, 2012) (holding that attorneys' eyes only review of prison investigation files balanced plaintiffs' needs for information with defendant's needs for confidentiality).

Accordingly, the Court approves the proposed limited language with an important caveat. The proposed limiting language could be read as encompassing more than a prisoner's "case record" (using the Court's expanded definition) and documents specifically incorporating such information by use of the language, "material…pertaining to named prisoners." (ECF No. 154-1 at 6). To be clear, a document is not entitled to "case record" protection simply because it contains the name of an individual prisoner or is contained within an individual prisoner's

physical case record file. A document is entitled to "case record" protection only if implicates the types of information referenced in §§ 3-601(a) and (c) or similar information as alluded to by the Court above. Conversely, an entire file is not entitled to "case record" protection simply because a "case record" document is found within it. The Court would not, for example, generally regard "blank check lists and forms" and "printouts from a variety of public sources such as Wikipedia" as deserving of confidentiality. (*See* ECF No. 166 at 9). If there are such documents or files that have been unjustifiably restricted, they are not covered by the Court's order here, and should be redesignated to include a wider distribution.[5] Thus, "material . . . pertaining to named prisoners" should be interpreted to be synonymous with "case record" and similar information as outlined by the Court.

The Court will now address whether such a restriction is appropriate as to other materials challenged by Plaintiffs.

### B. Risk Assessment Tests and Tools

The State also requests similar limited distribution for the copyrighted risk assessment tests and tools to prevent public dissemination and harm to the test's integrity. (ECF No. 154-1). To do so, the State proposes the inclusion of the following provision in any protective order:

> Material pertaining to risk assessment tools and testing that is provided in the course of discovery and that is designated as confidential by the Defendants shall not be disclosed to a prisoner or a former prisoner, except as previously ordered by this Court on September 27, 2017 (ECF No. 88 at pages 7-8) (directing the State to produce six risk assessments (three juvenile lifers and three adult lifers) with the personally-identifiable information redacted).

(*Id.* at 6).

---

[5] To be clear, many such records may still require some level of confidentiality, but should not carry a de facto "attorneys' eyes only" designation absent some other asserted basis for protection.

Plaintiffs assert that the State's reliance on copyright law is misplaced and this Court agrees. As its only support, the State provides the Declaration of Robert Ott, Ph.D., in which he states that "[t]ests subject to copyright should not be made available to the general public in order to protect the integrity of the test." (ECF No. 154-3 at ¶ 3). This statement alone does not show why the documents should be withheld from Plaintiffs, or how copyright law would justify "attorneys' eyes only" production under these circumstances. There is no claim that the tests and tools are proprietary to the State; they appear to be tests that are widely used and can even be found and researched on the internet. Sufficient protection exists under the general confidentiality terms of the protective order and the Court finds no additional limitation on distribution is warranted. Accordingly, the State's proposed provision is not approved for inclusion in the protective order.[6]

### C. Personnel Records

The State originally proposed a provision to effectively prevent personnel record disclosure to "a prisoner or a former prisoner, including a party[.]" (ECF No. 154-1 at 7). Plaintiffs argued that there is no basis for such a provision and any personnel records could be easily redacted and produced. (ECF 166 at 8). In Reply, the State offered to produce the personnel documents of Drs. Ott, Fleming, and Guilbault with certain information redacted. The Court approves production with the proposed redactions.

### D. Depositions

Although only alluded to in the Plaintiffs' Response, (ECF No. 166 at 11), the parties disagree as to how the confidentiality will impact depositions, the rights of the parties to attend depositions, and the ability to even hold depositions due to security concerns. (ECF Nos. 146

---

[6] This shall have no effect on this Court's previous order of September 27, 2017 regarding providing a sample of six completed risk assessments of specific prisoners with personally-identifiable information redacted. (ECF No. 88 at 7-8).

and 147). This Court instructs the parties to confer and resolve what issues that they can. If further assistance is required, the parties should contact the Court by docketed letter well in advance of the disputed deposition. The Court is hopeful that its assistance will not be required though the good faith cooperation of the parties.

## II. CONCLUSION

For the reasons stated herein, the State's Motion for Protective Order Regarding Confidentiality of Discovery Material (ECF No. 154) is GRANTED in part and DENIED in part and Plaintiffs' Opposition and Condition Cross Motion Challenging Confidentiality Designation (ECF No. 166) is GRANTED in part and DENIED in part. The Court's Protective Order reflecting this Memorandum will be separately docketed.


Dated: October 17, 2018                                  /s/
                                              J. Mark Coulson
                                              United States Magistrate Judge