IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND RESTORATIVE JUSTICE
INITIATIVE *et al.*,
          *Plaintiffs*,

        *v.*

Civil Action No. ELH-16-1021

GOVERNOR LARRY HOGAN *et al.*,
          *Defendants*.

## MEMORANDUM

This Memorandum addresses the "Amicus Motion for Reconsideration of the Court's Rule 24 Ruling Denying Intervention." ECF 260. It is supported by a memorandum (ECF 260-1) (collectively, the "Motion") and two exhibits.

The Motion pertains to litigation initiated in 2016 by plaintiffs Maryland Restorative Justice Initiative ("MRJI"), as well as Calvin McNeill, Nathaniel Foster, and Kenneth Tucker. ECF 1 ("Complaint"), ¶ 1. They sued various State defendants, challenging the constitutionality of Maryland's parole system as applied to individuals who received sentences of life imprisonment for homicide offenses they committed as juveniles. ECF 1. MRJI, an organization dedicated to prisoners' rights, sued on "behalf of its members," which then included more than 100 "juvenile lifers." *Id.* ¶¶ 13, 16. Similarly, the individual plaintiffs also sued on behalf of other "juvenile lifers." *Id.* ¶ 1.

The current defendants are Governor Larry Hogan; David Blumberg, Chair of the Maryland Parole Commission; Robert L. Green, Secretary of the Maryland Department of Public

Safety and Correctional Services ("DPSCS"); and Wayne Hill, Commissioner of the Maryland Division of Correction ("DOC") (collectively, the "State").[1]

After the suit was filed, Roberta Roper; Deborah Kempl and Jessica Fisher; and Patti Krogmann ("Individual Movants"), as "Crime Victim's Representatives," and the Maryland Crime Victims' Resource Center, Inc. ("MCVRC") (collectively, the "Movants"), filed a motion pursuant to Fed. R. Civ. P. 24(a) and (b), seeking to intervene as defendants. ECF 9; ECF 9-2. Individual Movants are family members of persons who were brutally killed by juvenile offenders. *See* ECF 9-2, ¶¶ 1-3. However, their loved ones were not killed by any of the named plaintiffs. MCVRC "is a private, non-profit organization [that seeks] to ensure that victims of crime receive justice and are treated with dignity and compassion by providing comprehensive victims' rights and services, including representing victims of crime and their lawful representatives." *Id.* ¶ 4.

In their Motion, the Movants sought to "assert and enforce…their state and federal statutory rights to be notified and to participate in any criminal justice related parole, pardon, or judicial sentencing proceedings filed by the convicted state defendant(s) who injured them…" ECF 9-2 at 6. And, they argued that those rights would be lost without their intervention in this case. Plaintiffs opposed intervention. ECF 17. The State took "no position" on Movants' request, but suggested that it did not see any ground for intervention. ECF 16.

By Memorandum Opinion and Order of August 30, 2016, I denied the Movants' motion to intervene. ECF 32; ECF 33. In my view, the Movants failed to show that the defendants would not adequately represent them or protect their interests. Further, I concluded that the Movants had no statutory right to intervene and that permitting intervention of several individuals and an

---

[1] Plaintiffs initially sued Stephen Moyer, then the Secretary of DPSCS, and Wayne Webb, then Commissioner of DOC. The Docket now lists Dayena M. Corcoran as the Commissioner of the DOC.

organization would "'result in undue delay in adjudication of the merits, without a corresponding benefit to the existing litigants, the courts, or the process…'" ECF 32 at 20 (quoting *Stuart v. Huff*, 11-CV-804, 2011 WL 6740400, at *3 (M.D.N.C. Dec. 22, 2011), *aff'd*, 702 F.3d 345).   And, I recognized that, regardless of the outcome of this suit, the Individual Movants were entitled to be notified and heard in cases involving the individuals who committed the underlying offenses.

Notably, I granted Movants "amicus curiae status in this case." ECF 33. And, over the past five years, the Movants have repeatedly exercised this status. *See* ECF 34; ECF 40; ECF 138; ECF 158; ECF 174; ECF 182.

During the pendency of this case, the parties have engaged in extensive discovery and settlement negotiations. *See* Docket. And, in a status report docketed on February 15, 2021, the parties informed the Court that they had reached a settlement in principle and were in the process of finalizing the terms. ECF 257. The case was stayed pending finalization of the terms. ECF 259.

Thereafter, Movants filed their Motion, asking the Court to reconsider its "Rule 24 Ruling Denying Intervention" (ECF 32; ECF 33). ECF 260.  Movants oppose the settlement and dismissal of the case, and submitted a copy of the Settlement Agreement.  *See* ECF 260-2.  They argue that the settlement "is contrary to the public interest, adverse to the crime victims in the State, and improperly seeks to entangle this Court as the enforcer of the parties' *ultra vires* settlement agreement…which goes far beyond the Plaintiffs' Eighth Amendment claims…" ECF 260-1 at 1. Plaintiffs oppose the Motion. ECF 261.

On April 14, 2021, plaintiffs filed a "Consent Motion to Dismiss," pursuant to Fed R. Civ. P. 41(a)(2). ECF 262. The Consent Motion to Dismiss sought dismissal of the case, based on the parties' Settlement Agreement. *Id.* at 1. Accordingly, by Order of April 14, 2021, I granted the Consent Motion to Dismiss and directed the Clerk to close the case. ECF 263.

On the same date, Movants filed a reply in support of their Motion. They claim, *inter alia*, that the Court's Order of April 14, 2021, "dismissing the case is *ultra vires* and must be vacated." ECF 264 at 1.

By Order of April 15, 2021, I re-opened the case and granted plaintiffs leave to file a surreply to the Motion. ECF 265. Plaintiffs subsequently filed their surreply. ECF 266. Plaintiffs urge the Court to strike the Movant's "improper filings" and to award fees and costs to plaintiffs for having to respond to the Motion. *Id.* at 1-2.

By Order of April 27, 2021 (ECF 267), I directed the defendants to respond to the Motion. Defendants oppose the Motion. ECF 268.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

## I.  Discussion[2]

### A.

Movants urge the Court to reconsider their motion for intervention, initially filed in 2016 and denied by Memorandum Opinion of August 30, 2016. ECF 260. The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

---

[2] I incorporate by reference all relevant background information as contained in my opinions of August 30, 2016 (ECF 32) and February 3, 2017 (ECF 65).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC-13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

As noted, Movants filed the Motion almost five years after I denied their motion to intervene on August 16, 2016. ECF 33. Accordingly, it shall be construed as a motion under Rule 60(b). *See Stoltie v. County of Lexington*, 841 F. App'x. 602, 603 (4th Cir. 2021) ("Because Stoltie's motion was not filed within 28 days after the entry of the district court's order dismissing the action, the motion is properly construed as filed pursuant to Rule 60(b).").

Fed. R. Civ. P. 60(b) is captioned "Relief from a Judgment or Order." Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. As noted, it permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg*, 486 U.S. at 863 (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

For relief under Rule 60(b), a plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Notably, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing

more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313.  And, "'[i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal.'"  *Wells Fargo*, 859 F.3d at 300 (citing *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)) (alteration added).

Moreover, a party "must make a Rule 60(b) motion 'within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and 'the movant bears the burden of showing timeliness.'"  *Wells Fargo*, 859 F.3d at 300 (quoting *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), *cert. denied sub nom. Moses v. Thomas*, ___ U.S. ___, 137 S. Ct. 1202 (2017)).  In particular, Rule 60(c)(1), titled "Timing", provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

## B.

Movants base their Motion on an alleged change in circumstances. ECF 260 at 1. According to Movants, their Motion is timely because the parties' alleged "incorrect assurances to the Court which formed the basis for this Court's earlier ruling have only just come to light." *Id.* at 1-2. Further, the Movants contend that the Court's Order of April 14, 2021, dismissing the case is "*ultra vires* and must be vacated" based, *inter alia*, on the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e *et seq.* ECF 264 at 1.

The parties to the case urge the Court to deny the Motion on several grounds. According to plaintiffs, the Motion "is moot because…the parties to this action have agreed to dismiss all claims" for which the Movants sought to intervene. ECF 261 at 5.  And, both sides argue that the Movants have failed to meet the high standard required for reconsideration. ECF 266 at 3-6; ECF

268 at 18. Further, the parties vigorously dispute the Movants' contention that the Settlement Agreement is ultra vires. Rather, according to both plaintiffs and defendants, the parties' agreement is a private settlement agreement, not a consent decree, and therefore the PLRA does not require court approval nor control its terms. ECF 268 at 20. I agree with the parties.

As an initial matter, the Movants do not satisfy the threshold requirements for reconsideration. In particular, Movants have not demonstrated timeliness or the requisite lack of prejudice. They argue that "allowing intervention now before the trial has been scheduled is timely and can no longer delay or disrupt discovery or lead to 'undue' delay." ECF 260-1 at 20. However, the parties have decided not to proceed to trial. Rather, they have agreed to a settle and dismiss the case. Permitting intervention at this stage in the case, after the parties have worked tirelessly during the past five years to resolve this matter by mutual agreement, would undoubtedly result in undue delay and unfair prejudice. *See Amerix Corp. v. Jones*, JFM-11-2844, 2012 WL 141150 (D. Md. Jan. 17, 2012) (denying Rule 60(b) motion where plaintiff could not meet burden to demonstrate lack of prejudice to defendant class). Additionally, a nearly five year delay in seeking reconsideration of the Court's Order can hardly be considered "timely."

However, even if Movants have met the threshold requirements for reconsideration, they provide no grounds for relief under any of the enumerated sections of Rule 60(b). As noted, the only justification they provide for reconsideration is that the parties' "incorrect assurances to the Court which formed the basis for this Court's earlier ruling have only just come to light." ECF 260 at 1.  According to the Movants, it "is now clear…that the government agency involved in this case does not share the [Movants'] objectives." ECF 260-1 at 19. The Movants posit that the "State has decided to entirely forego all further representation of the challenged current state statutes and regulations in this Court 'to avoid the continued expense of litigation.'" *Id.*

In response, the State explains that the Settlement Agreement is primarily focused on "changes to parole procedures." ECF 268 at 19. With respect to parole, the Movants "sought only to vindicate crime victims' interest in preserving their rights…to be heard regarding parole." *Id.* And, the Settlement Agreement "does not impair victims' rights to be heard regarding parole…." *Id.*

Indeed, as I noted in 2016, regardless of the outcome of the case, the Individual Movants retain their existing rights to be notified and heard in cases involving the individuals who directly wronged them. *See* ECF 32 at 16. This remains true irrespective of the Settlement Agreement in this case.

Moreover, the Movants' contention that "dismissing the case is *ultra vires* and must be vacated" lacks any basis in law. The Movants' primary argument is that the PLRA, 18 U.S.C. § 3626(a), bars the Court from approving the parties' Settlement Agreement. ECF 264 at 4.

The PLRA limits the power of federal courts to grant or approve certain remedies in actions challenging prison conditions.  It states, in part, 18 U.S.C. § 3626(a)(1)(A):

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

The "term 'prospective relief' means all relief other than compensatory monetary damages." *Id.* § 3626(g)(7). And, "the term 'relief' means all relief in any form that may be granted or approved by the court, and includes consent decrees **but does not include private settlement agreements**…" *Id.* § 3626(g)(9) (emphasis added).

A "private settlement agreement" is defined in the PLRA as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the

civil proceeding that the agreement settled." *Id.* § 3626(g)(6). Notably, a private settlement agreement is not subject to the limitations set out in § 3626(a)(1)(A) "if the terms of that agreement are not subject to court enforcement **other than reinstatement of the civil proceeding that the agreement settled**." *Id.* § 3626(c)(2)(A) (emphasis added). In contrast, a consent decree is defined by the PLRA as "any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements." 18 U.S.C. § 3626(g)(1).

The parties to the litigation agree that the Settlement Agreement is a private settlement agreement, rather than a consent decree. ECF 266 at 7-8; ECF 268 at 21.  Indeed, the Settlement Agreement expressly states that it "is not, and may not be construed as, a consent decree." ECF 260-2 at 2. As to judicial enforcement, the Settlement Agreement provides, in relevant part, *id.* ¶ 13: "Any action by the parties to enforce the terms of this Settlement Agreement shall be brought in the United States District Court for the District of Maryland, as permitted by law." Thus, the Settlement Agreement does not require judicial enforcement of its terms, but rather contemplates the right to seek enforcement, which is a remedy permitted for a private settlement agreement. *See* 18 U.S.C. §§ 3626(g)(6); 3626(c)(2)(A).

Moreover, the Settlement Agreement does not require judicial approval. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002) ("[A] private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court."). Therefore, the Court does not need to determine whether the relief provided in the Settlement Agreement comports with the PLRA's restrictions on prospective relief.

## C.

As noted, plaintiffs urge the Court to award fees and costs to plaintiffs' counsel for having to respond to the Motion. They rely on 28 U.S.C. § 1927 and "the inherent authority of the Court." ECF 261 at 6.

Under 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Notably, § 1927 "permits sanctions only for bad-faith conduct that wrongfully multiplies proceedings." *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 516 (4th Cir. 2018); *see E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522–23 (4th Cir. 2012). A court also may impose sanctions for bad faith conduct under its inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see Six*, 891 F.3d at 519 (noting that courts are empowered "to fashion an appropriate sanction for conduct which abuses the judicial process," such as "an order ... instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side."); *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S. Ct. 1178, 1186 (2017).

Movants' actions in this case clearly do not meet the high bar needed to justify such an award. They have only filed one motion in the last year. And, there is no indication that they acted in bad faith or an improper manner. Moreover, I granted Movants amicus status in this case. Thus, they were permitted to bring their concerns to the Court's attention. Accordingly, sanctions are not warranted.

## II.  Conclusion

For the foregoing reasons, I shall deny Movants' Motion (ECF 260).  A separate Order follows, consistent with this Memorandum.

Date: May 26, 2021                              /s/
                                        _____
                                        Ellen Lipton Hollander
                                        United States District Judge